**Rafael FIGUEROA–RUIZ, et al., Plaintiffs, Appellees,**

v.

**Jose E. ALEGRIA, et al., Defendants, Appellees.**

**Appeal of Rafael PEREZ–BACHS, Defendant.**

**No. 90–1049.**

United States Court of Appeals, First Circuit.

Heard May 8, 1990.

Decided June 13, 1990.

Ralph J. Rexach with whom Rexach & Pico, Santurce, was on brief, for defendant, appellant.

Edelmiro Salas Garcia, Santurce, for plaintiffs, appellees.

Before CAMPBELL, Circuit Judge, ROSENN,* Senior Circuit Judge, and SELYA, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Stockholders of the Plaza de Diego Shopping Center brought a civil RICO action against several of their creditors and others in the District Court for the District of Puerto Rico. Their case was dismissed with prejudice on May 25, 1989 for lack of

---

* Of the Third Circuit, sitting by designation.

prosecution and disregard of a court order. We affirmed in *Figueroa Ruiz v. Alegria*, 896 F.2d 645 (1st Cir.1990), characterizing "plaintiffs' misconduct here" as "extreme." *Id.* at 648. On July 10, 1989, attorney Rafael Perez Bachs, one of the defendants in the case, brought a "Motion for Costs and Attorney's Fees as Sanctions under Rule 11" against plaintiffs and their counsel, Edelmiro Salas Garcia.[1] Perez Bachs alleged that plaintiffs and their counsel lacked any basis in fact or in law to have included him as a defendant. He further asserted that had plaintiffs' counsel, Salas Garcia, made a reasonable inquiry, Perez Bachs's lack of involvement would have appeared. While the district court thereafter commented adversely upon the actions of plaintiffs' counsel, and warned him, it denied the Rule 11 motion for costs and attorney's fees. Defendant appeals from that disposition. We vacate and remand to the district court.

## BACKGROUND

In the underlying action, the four stockholders of Plaza de Diego Shopping Center, Inc. ("Plaza")—plaintiffs Figueroa and Rivera and their wives—sued various financial institutions and others, including Perez Bachs, following the collapse of an arrangement to finance the shopping center's expansion. Alleging that the defendants' fraudulent conduct had driven Plaza into bankruptcy, they sought treble damages under both the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and the Bank Holding Company Act Amendments of 1970, 12 U.S.C. § 1975, as well as further damages under a variety of pendent claims predicated upon Puerto Rico law. The defendants

included several banks which are creditors of Plaza de Diego and parties to the bankruptcy proceeding involving Plaza. One of these banks is City Federal Savings Bank ("City Federal").

The borrower-lender relationship between Plaza and City Federal was created in 1986 for the purpose of financing the construction of the Plaza de Diego shopping center. The four stockholders of Plaza, the plaintiffs in the underlying suit, became guarantors of Plaza's obligations to City Federal. This credit relationship eventually soured and in September 1988, Plaza initiated a Chapter 11 bankruptcy proceeding. Attorney Perez Bachs was first retained by City Federal to represent it in the bankruptcy proceedings on September 29, 1988. This entry followed Plaza's bankruptcy petition; he had had no previous involvement in any aspect of the transaction.

Between September 29, 1988 and February 8, 1989, when the stockholders of Plaza filed their civil RICO claim, Perez Bachs performed legal services for City Federal. These services were limited to those normally performed by an attorney representing a secured creditor in a bankruptcy case.

Perez Bachs was specifically named in paragraphs 15 and 37 of the RICO complaint. He was alleged to have joined codefendant Jary Streitwieser, City Federal's Florida bankruptcy counsel, in the "illegal activity" of mailing letters to Plaza's tenants instructing them to make rental payments directly to City Federal in an effort to undermine further the shopping center's finances—an act made all the more reprehensible, said plaintiffs, by the fact that it (allegedly) constituted the illegal practice of law in Puerto Rico by Streitwieser. No

---

**1.** Fed.R.Civ.P. 11 provides, in pertinent part, that

> The signature of an attorney or party [on a pleading, motion, or other paper] constitutes a certificate ... that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary

delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

basis was suggested for any of these allegations except a November 8, 1988 letter from Streitwieser to City Federal's New York counsel submitted for the first time on appeal. The letter stated simply that Streitwieser had engaged in telephone negotiations with Plaza's bankruptcy lawyer and had reached an agreement on the disposition of the rental payments due to Plaza from its tenants. Perez Bachs's name was included on the distribution list.

Perez Bachs filed a timely answer to the complaint served upon him by the plaintiffs and shortly thereafter filed a motion for partial summary judgment. After the case against all the defendants had been dismissed with prejudice, Perez Bachs moved the district court on July 10, 1989, for an order granting costs and attorney's fees as a Rule 11 sanction. On July 19, the district court ordered plaintiffs' attorney Salas Garcia to show cause within the context of Rule 11 for the inclusion of Perez Bachs as a defendant in the suit. The court granted ten days for a written reply, but Salas Garcia did not respond until November 1, 1989, at which time he filed a brief, so-called informative motion as to why Perez Bachs was made a defendant. This merely repeated the allegations in the original complaint and added vague references to an "ultimatum" by Perez Bachs if a certain trustee for Plaza were not appointed. The letter allegedly sent to Plaza's tenants by Perez Bachs was not produced, nor was any attempt made to describe any investigation into the facts that preceded the filing of the complaint. Further, no theory was advanced as to how the conduct alleged was actionable under RICO or other federal statutes. In a reply to the informative motion, Perez Bachs pointed out its inadequacies.

On November 22, the court entered an order in response to plaintiffs' informative motion as follows: "Noted with great dismay and concern. Counsel should be warned of his dangerous path along the outer limits of Rule 11." That same day, the district court issued an order denying the Rule 11 motion for costs and attorney's fees. Perez Bachs then brought this appeal, alleging that Attorney Salas Garcia had not merely toured the outer limits of Rule 11 but had blatantly infringed it.

## ANALYSIS

The district court's denial of Perez Bachs's Rule 11 motion coupled with its warning that counsel was walking a "dangerous path along the outer limits of Rule 11" is amenable to at least four interpretations. It could mean that (1) the court found that although Salas Garcia may have come dangerously close to violating Rule 11, he did not actually violate it, so that a sanction was inappropriate; (2) the court declined to decide whether there had been a Rule 11 violation; (3) the court believed there had been a Rule 11 violation but that no sanction was appropriate; or (4) the court found that there had been a Rule 11 violation and intended the reprimand implicit in its statement as a sufficient sanction.

Given this variety of possible readings, we conclude that the court's November 22 orders were an inadequate disposition of appellant's Rule 11 motion. Our abuse of discretion standard of review for Rule 11 appeals [2] stems from the belief that the

---

**2.** In *Kale v. Combined Insurance Co. of America,* 861 F.2d 746 (1st Cir.1988), this circuit held that an abuse of discretion standard would be used in reviewing all aspects of a district court's Rule 11 determination—including both (1) the legal conclusion of the district court that the facts constitute a violation of the Rule and (2) the appropriateness of the sanction imposed. *Id.* at 757–58. We thus joined those circuits that have adopted the abuse of discretion standard of review, *see, e.g. Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 872–73 (5th Cir.1988) (en banc); *F.D.I.C. v. Tekfen Construction and Installation Co., Inc.,* 847 F.2d 440, 443 (7th Cir.

1988); *Century Products, Inc. v. Sutter,* 837 F.2d 247, 253 (6th Cir.1988); *O'Connell v. Champion,* 812 F.2d 393, 395 (8th Cir.1987); *Cotner v. Hopkins,* 795 F.2d 900, 903 (10th Cir.1986); *Stevens v. Lawyers Mutual Liability Insurance Co. of North Carolina,* 789 F.2d 1056, 1060 (4th Cir. 1986), as opposed to those that have adopted a *de novo* standard of review, *see, e.g., Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 n. 7 (2d Cir.1985); *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986); *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1173–75 (D.C.Cir.1985); *Donaldson v. Clark,* 819 F.2d 1551, 1555–56 (11th Cir.1987) (en banc); *Bee-*

district court should be the focal point of Rule 11 determinations. Given this role, the court must rule with greater clarity than appears here. The disposition as worded invites confusion and makes meaningful review impossible. This can be seen if one examines the different results that could flow from each of the four possible interpretations listed above.

If the district court intended alternative one above—that is, a finding that there was no Rule 11 violation—we would need to address on appeal whether that determination was an abuse of discretion. In light of the woefully inadequate showing of plaintiffs' attorney in response to the show cause order of the district court, it would not be easy to uphold such a finding, at least in the absence of greater explanation by the court.

If the district court intended alternative two above—that is, if it declined to make any finding as to whether there had been a Rule 11 violation—we would be faced with deciding whether the total avoidance of any decision was itself an abuse. It is conceivable, although we need not rule finally, that in special circumstances, for good and sufficient reasons, a court can refuse altogether to decide a Rule 11 motion. But in normal circumstances, a district judge when confronted with a proper motion has a duty to make an "up" or "down" ruling. And in the very rare instances where there may be good reasons not to decide, the judge should be sure to state those reasons.

■ If the district court intended alternative three—a finding that there had been a Rule 11 violation but that no sanction was necessary—we would be constrained to find an abuse of discretion, and to remand for the imposition of sanctions. It is now established that a district judge does not have discretion to refuse to impose *some* sanction upon finding a violation. *See Alvarado–Morales v. Digital Equip-*

*ment Corp.*, 843 F.2d 613 (1st Cir.1988) ("Rule 11 sanctions are mandatory when an attorney fails to make reasonable efforts to ensure that the pleading he signs is grounded in fact."); *Unanue–Casal v. Unanue–Casal*, 898 F.2d 839, 841 (1st Cir. 1990) (*some* sanction is mandatory when a violation has occurred); *Thomas v. Capital Sec. Services Inc.*, 836 F.2d 866, 876 (5th Cir.1988) (en banc) ("There are no longer any 'free passes' for attorneys and litigants who violate Rule 11. Once a violation ... is established, the rule mandates the application of sanctions."); *F.D.I.C. v. Tekfen Construction and Installation Co., Inc.*, 847 F.2d 440, 443 (7th Cir.1988) (same); *O'Connell v. Champion International Corp.*, 812 F.2d 393, 395 (8th Cir.1987) (same); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174–75 (D.C.Cir.1985) (same); *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 n. 7 (2d Cir. 1985).

Finally, if the district court intended alternative four—that is, a finding that there was a Rule 11 violation but that the reprimand implicit in its remarks was intended as the sanction in place of the attorney's fees and costs requested by appellant—we would review the court's ruling for abuse of discretion.

■ We note, in this regard, that while a district court lacks discretion to deny Rule 11 sanctions altogether when the rule has been violated, it "retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case, with which it should be well-acquainted." Fed.R.Civ.P. 11 advisory committee rates.

In concluding that Rule 11 requires the imposition of sanctions once a violation has been found, ... we stress that the district court is vested with considerable discretion in determining the "appropri-

*man v. Fiester*, 852 F.2d 206, 209 (7th Cir.1988); *Kurkowski v. Volcker*, 819 F.2d 201, 203 n. 8 (8th Cir.1987), "because of its ease in application and because it vests the lion's share of the responsibility for imposing Rule 11 sanctions with the judicial actor closest to [the] litiga-

tion—the district judge." *Kale*, 861 F.2d at 758. We apply the abuse of discretion standard, thus, in reviewing all aspects of district court determinations either to impose or not to impose Rule 11 sanctions.

ate" sanction to impose upon the violating party.... While attorneys' fees and reasonable expenses are expressly provided for by the rule as appropriate sanctions, the court possesses the discretion to tailor sanctions to the particular facts of the case.

*Thomas,* 836 F.2d at 876–77. *See also Anderson v. Beatrice Foods Co.,* 900 F.2d 388, 394 (1st Cir.1990) ("Sanctions come in a wide variety of guises. The [district] judge is best positioned to decide what sanction best fits a particular case or best responds to a particular episode or pattern of errant conduct."); *Eastway Construction Corp.,* 762 F.2d at 254 n. 7 (district court has broad discretion to fashion an appropriate sanction for a Rule 11 violation). As an alternative to monetary sanctions, district courts may admonish or reprimand attorneys who violate Rule 11 where such a course of action is appropriate. *Thomas,* 836 F.2d at 877–78. *See also Unanue–Casal v. Unanue–Casal,* 898 F.2d 839, 842 (1st Cir.1990) (reprimand may be an appropriate Rule 11 sanction).

In summary, the proper disposition of this appeal depends upon our knowing more precisely how the district court means to resolve Perez Bachs' motion for Rule 11 sanctions. While we do not hold that the district court must make findings and give explanations every time a party seeks sanctions under Rule 11, we do require a statement when the reason for the decision is not obvious or apparent from the record. *See Morgan v. Massachusetts General Hospital,* 901 F.2d 186, 195 (1st Cir.1990) (remanding for findings re denial of award of attorney's fees); *Thomas,* 836 F.2d at 822; *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1084 (7th Cir.1987) (en banc). Here, the decision and the reasons for it were not obvious. Hence, the court should have stated expressly whether or not there was a violation, and, if so, the nature of the sanction it imposed. So that the court can now make such a disposition, we vacate its order, and remand for further proceedings consistent herewith. In making this disposition, we authorize the same district judge as before to act, and leave to his discretion whether or not to receive additional evidence and the nature of the proceedings.

*So ordered. Costs to appellant.*