958 F.2d 361
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
In Re: SAN JUAN DUPONT PLAZA HOTEL FIRE LITIGATION, Carl
Arthur HENLEIN AND Victor B. MADDOX, Appellants.
 No. 91-2091.
 United States Court of Appeals,
First Circuit.
 March 26, 1992
 
 Susan S. Wettle, Carl A. Henlein, Victor B. Maddox, and Brown, Todd & Heyburn on brief for appellants.
 Wendell H. Gauthier, Peter Berkowitz, Alvaro Calderon, Stanley M. Chesley, John Cummings, III, David C. Indiano, Will Kemp, Harvey B. Nachman, Jorge Ortiz Brunet, Jorge M. Suro-Ballester, Francisco M. Troncoso, and Plaintiffs' Steering Committee on brief for appellees.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 This appeal, in its present posture, presents no substantial question. As to Order No. 519 and Order No. 533, both of which involve no monetary sanctions, we do not find the district court's use of unflattering language to be so intemperate or unwarranted as to call for appellate intervention. As we have said, "[i]n the oversight of [the trial court's] due performance, appellate courts must grant the presider some margin of humanity." United States v. Polito, 856 F.2d 414, 418 (1st Cir. 1988).
 
 
 2
 Insofar as the appellant Maddox is concerned, Order No. 205 is of a similar stripe. That order did, however, impose a monetary sanction upon appellant Henlein. The order issued only after both appellants had exercised the opportunity to respond to a written motion for sanctions. Thus, the order presents no due process problem. Cf., e.g., Anderson v. Beatrice Foods Co., 900 F.2d 388, 396 (1st Cir.) (order on rehearing), cert. denied, 111 S.Ct. 233 (1990). After all, many kinds of matters are routinely "heard" on the pleadings. See, e.g., Aoude v. Mobil Oil Corp., 862 F.2d 890, 894 (1st Cir. 1988) and cases cited therein.
 
 
 3
 As to the substance of Order No. 205, the district court's order is eight pages in length and contains findings which, while not infinitely precise, seem adequate to constitute the required clear explanation of the district court's actions. See Foster v. Mydas Assocs., Inc., 943 F.2d 139, 141 (1st Cir. 1991). By the same token, the court's findings are sufficient to convince us "that the sanction imposed was appropriate in proportion to the particular misconduct." Id. at 143, citing Lancellotti v. Fay, 909 F.2d 15, 20 (1st Cir. 1990).
 
 
 4
 We need go no further. The orders appealed from are affirmed. See 1st Cir. Loc. R. 27.1.