963 F.2d 366
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alfredo HUALDE-REDIN, Maria Susana Costa and the Legal
Conjugal Partnership constituted between both
parties, Plaintiffs, Appellants,
v.
Ismael BETANCOURT, Superintendent of Police, et al.,
Defendants, Appellees.
 No. 92-1492.
 United States Court of Appeals,
First Circuit.
 June 8, 1992
 
 Alfredo Hualde-Redin on brief pro se.
 Maria Susana Costa on brief pro se.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 We read plaintiffs' rather conclusory and rambling allegations, along with the documents they have submitted, to claim the following. Plaintiffs Mr. and Mrs. Hualde, citizens of Argentina, owned a boat. This boat was "stolen" from them. Defendant Varaderos de Fajardo, Inc. filed an action in Puerto Rico court against Mr. Hualde for collection of money claimed owed. Plaintiffs told the superior court judge that defendant Varaderos de Fajardo, Inc. was not entitled to the boat, but a default judgment entered against Mr. Hualde, and the boat was attached in execution of the judgment. Mrs. Hualde, a part owner of the boat, was not a party to the superior court action. Plaintiffs sought to have criminal proceedings instituted based on the "theft" of their sailboat, but to no avail. Plaintiffs then instituted the present civil rights action against the superintendent of police, various police officers who had refused to assist with plaintiffs' complaints of theft, Varaderos de Fajardo, Inc., the superior court judge who entered the default judgment, and various other persons. They claimed that the courts, police, and others discriminated against them and denied them equal protection because of their nationality and that they had been deprived of their property (boat) without due process. They sought damages, return of their boat, and declaratory and injunctive relief staying the confiscation of their boat.
 
 
 2
 We agree with the district court that plaintiffs' action is in effect a collateral attack on the state court judgment which authorized an execution on plaintiffs' boat. Lower federal courts lack jurisdiction to review constitutional or other challenges to such judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990).
 
 
 3
 Affirmed.