April 6, 1993
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1916

RAYMOND F. BRIERLY,

Plaintiff, Appellant,

v.

VIRGINIA BRIERLY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Selya, Cyr and Boudin,
Circuit Judges.

Raymond F. Brierly on brief pro se.

Chappell & Chappell on brief for appellee Virginia Brierly.

James E. O'Neil, Attorney General, and Jacqueline G. Kelley,

Special Assistant Attorney General, on brief for appellee Robert
Fallon, Director, State of Rhode Island Department of Human Services.

Per Curiam. Plaintiff appellant challenges the

dismissal of his First Amended Complaint for failure to state

a claim,1 denial of his motion for leave to file a Second

Amended Complaint, and the award of attorneys' fees and costs

to defendant Virginia Brierly.

Although plaintiff appears here pro se, he was

represented by counsel below. His First Amended Complaint,

styled as an action for damages and equitable relief under 42

U.S.C. 1983, named as defendants his ex-wife, Virginia

Brierly, and the Acting Director of the State of Rhode

Island's Department of Human Services ["DHS"], Robert Fallon.

Plaintiff's pleadings are difficult to recap with

precision. We set out here the core facts distilled from the

First Amended Complaint. Count One appears directed solely

at Virginia Brierly. It recites that after his divorce from

Virginia Brierly in 1981, plaintiff failed to make child

support payments in accordance with the terms of the Rhode

Island Family Court's decree. In March, 1986, plaintiff was

1. Both defendants filed motions to dismiss. Although one
of the motions was couched as a motion for judgment on the
pleadings under Fed. R. Civ. P. 12(c), it in essence also
raised a Rule 12(b)(6) objection by challenging the legal
foundation for the complaint. It was properly dealt with on
this basis by the district court. See Amersbach v.

Cleveland, 598 F.2d 1033 (6th Cir. 1979), cited with approval

in Whiting v. Maiolini, 921 F.2d 5 (1st Cir. 1990); Charles

A. Wright et. al., 5A Federal Practice and Procedure 1369

at n.6 (2d ed. Supp. 1992).

personally served with notice of a motion brought by Virginia

Brierly to adjudge him in contempt. The hearing on the

motion was continued beyond its first scheduled date.

Allegedly due to Virginia Brierly's "failure to properly and

lawfully serve any kind of notice [of the continued date]

upon plaintiff," plaintiff was absent when the hearing was

eventually held on September 30, 1986. As a result,

plaintiff states, he was adjudged in contempt for failure to

pay some $58,640 in arrearages. Also allegedly unbeknownst

to plaintiff, a bench warrant issued for his arrest, pursuant

to which he was arrested in February, 1988. He was then

required to execute a deed in blank to the former marital

residence to secure his release. He states that he

petitioned for review of the contempt order, apparently

without success, and appealed to the Rhode Island Supreme

Court, which "after hearing, argument, and presentation of

briefs" refused to grant a writ of certiorari in September,

1990.

Count Two appears directed solely at Robert Fallon

in his capacity as Acting Director of the DHS. It alleges

that DHS announced an amnesty program "whereby arrangements

for the payment of child support arrearages could be made

without fear of arrest or interest payments." Plaintiff

sought, through counsel, to take advantage of this program by

-3-

opening negotiations with DHS toward establishing a payment

schedule and other terms. The amnesty period terminated

while plaintiff was awaiting a response from DHS about

certain terms,2 but DHS allegedly represented that it "would

honor the terms of the amnesty" until a final agreement had

been reached. Nevertheless, plaintiff says that DHS filed an

"unlawful petition" causing his arrest and incarceration for

seven days in September, 1991. He was allegedly then

required to execute a promissory note in the amount of

$58,640.00, and was found liable by the Family Court for

additional interest on arrearages. He states that he

objected on the basis of DHS's alleged amnesty promise, but

the Family Court failed to "recognize" the amnesty program.

Our standard on review of dismissal of a complaint

under Rule 12(b)(6) is whether, construing the complaint in

the light most favorable to the plaintiff, dismissal is

appropriate because "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." Roeder v. Alpha Indus.,

Inc., 814 F.2d 22, 25 (1st Cir. 1987) (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)); see also Finnern v.

2. The amnesty time period is not mentioned in the First
Amended Complaint, but for the sake of clarity, we note that
the proposed Second Amended Complaint states that the program
was announced in April, 1990 and ran through May 25, 1990,
while plaintiff's appeal from his first contempt citation was
pending. The authority for, and mechanics of, the amnesty
program are not disclosed in the pleadings.

-4-

Sunday River Skiway Corp., 984 F.2d 530, 537 (1st Cir. 1993)

("If a trial court accepts plaintiff's facts and can envision

no reasonable application of the law that would entitle

plaintiff to relief, the court may rightly dismiss the

case.").

The Supreme Court recently reaffirmed the Federal

Rules' "liberal system of notice pleading" in a civil rights

action brought under 42 U.S.C. 1983 against a municipality.

Leatherman v. Tarrant County Narcotics Intelligence &

Coordination Unit, 61 U.S.L.W. 4205 (U.S. Mar. 3, 1993).

However, "minimal requirements are not tantamount to

nonexistent requirements." Gooley v. Mobil Oil Corp., 851

F.2d 513, 514 (1st Cir. 1988). The court need not "conjure

up unpled allegations or contrive elaborately arcane scripts"

in order to craft a cognizable legal theory where none seems

to exist. Gooley, 851 F.2d at 514.

Plaintiff's First Amended Complaint is deficient in

numerous ways, most of which were well described by the trial

judge. In line with his rulings, we interpret the complaint

as asserting that each defendant's separate conduct reflected

a deviation from an established state rule, policy or

statute. It may well be, as the district court held, that

the claim asserted against defendant Virginia Brierly is

infirm because it does not charge any conduct fairly

attributable to the State. Lugar v. Edmondson Oil Co., 457

-5-

U.S. 922, 937, 940 (1982). Likewise, the damages claim

asserted against the defendant Fallon may well be barred by

the Eleventh Amendment, which proscribes suits against State

officials which must be paid from State funds. Hafer v.

Melo, 112 S. Ct. 358, 362 (1991); Will v. Michigan Dep't of

State Police, 491 U.S. 58, 65 (1989). But we think it

unnecessary here to reach these issues because both claims

are infirm for another reason: there are no facts indicating

that the remedies available from the State were inadequate.

It is well established that unauthorized conduct

which cannot be foreseen and controlled in advance does not

constitute a violation of the procedural requirements of the

Due Process Clause "until and unless [the State] refuses to

provide a suitable postdeprivation remedy." Hudson v.

Palmer, 468 U.S. 517, 533 (1984); see also Parratt v. Taylor,

451 U.S. 527 (1981); Zinermon v. Burch, 494 U.S. 113, 125

(1990); Lowe v. Scott, 959 F.2d 323 (1st Cir. 1992). Since

inadequacy of the state's remedy is a material element of the

claim, plaintiff had the burden to set forth supporting

factual allegations, either direct or inferential, to sustain

an actionable legal theory. Gooley, 851 F.2d at 515.

Plaintiff's vague allegations reflect, instead, that

there was a state process for challenging both of the alleged

due process deprivations. Plaintiff even states that he used

the process, appealing at least one of his objections as far

-6-

as the Rhode Island Supreme Court. That plaintiff disagreed

with the result does not show that the process itself is

inadequate. To the extent that plaintiff is attempting by

this suit to overturn those state court judgments, he is not

entitled to any relief in the district court or here. Lower

federal courts have no power to sit in review of state court

orders. District of Columbia Court of Appeals v. Feldman,

460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263

U.S. 413 (1923); Lancellotti v. Fay, 909 F.2d 15, 17 (1st

Cir. 1990).

We also see no reason to disagree with the trial

court's decisions to grant Virginia Brierly's motion for

attorney's fees and costs, and to deny plaintiff's second

motion to amend the complaint. Both decisions are entrusted

to the sound discretion of the district court, whose rulings

will not be disturbed except on a clear showing of abuse.

See Coyne v. Somerville, 972 F.2d 440, 446 (1st Cir. 1992)

(denial of motion to amend); Finnern, 984 F.2d at 537 (same);

Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978) (fee

awards under 42 U.S.C. 1988); Lancellotti, 909 F.2d at 15

(sanctions under Rule 11).

The district court awarded costs and fees to

Virginia Brierly when it dismissed the claim asserted against

her in plaintiff's First Amended Complaint. The order ran

jointly against plaintiff and his attorney under Rule 11, and

-7-

against plaintiff alone under 42 U.S.C. 1988. The court

pointedly found that plaintiff's purpose in bringing the suit

included an effort to harass Virginia Brierly and to

retaliate against her for the losses plaintiff had suffered

in the state courts. Moreover, the court reasoned that the

claim as pleaded was so frivolous and lacking in foundation

that neither a competent attorney nor a party could believe,

after a reasonable inquiry, that it was well-grounded in fact

or in law.

These findings more than satisfied the requirements

of Rule 11 and 42 U.S.C. 1988, which, though not identical

to one another, permit fee awards either where the pleading

falls below an objective standard of reasonableness or where

there is a showing of subjective bad faith. Here both

standards were violated. See Hughes v. Rowe, 449 U.S. 5, 14

(1980) (applying the criteria announced in Christiansburg

Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978) to awards of

fees to prevailing defendants under 42 U.S.C. 1988);

Lancellotti, 909 F.2d at 19 (observing the alternative

standards for Rule 11 awards); Foster v. Mydas Assoc., Inc.,

943 F.2d 139 (1st Cir. 1991) (discussing criteria and

findings necessary under each authority).

In light of these detailed findings, and

plaintiff's first two futile attempts to plead a legally

cognizable claim, we see no abuse of discretion in the

-8-

district court's denial of leave to file yet a third

complaint "for reasons cited in connection with dismissal of

the First Amended Complaint." See Foman v. Davis, 371 U.S.

178, 182 (1962) (while leave to amend is usually "freely

given," denial will be upheld where there is stated a

"justifying reason," such as "bad faith or dilatory motive

... repeated failure to cure deficiencies by amendments ...

undue prejudice to the opposing party [or] futility of the

amendment").

Accordingly, the district court's judgment is

affirmed.

-9-