Westmount Finan. v. 1155 Elm St.      CV-98-125-SD  6/24/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Westmount Financial Services, Inc.

_____v.                              Civil No. 98-125-SD

1155 Elm Street, L.L.C.
 c/o The Cathartes Group, Ltd.


O R D E R


    Arising from a now-settled case is the issue of entitlement,
if any, of either party to an award of attorney fees.  For
reasons that follow, the court denies any award of attorney fees
to either party.


1.  Background

    Plaintiff Westmount Financial Services, Inc. (Westmount)
claimed that the defendant 1155 Elm Street, L.L.C. (1155 Elm
Street) breached a purchase & sale agreement concerning certain
real estate located in Manchester, New Hampshire.  1155 Elm
Street denied Westmount's claims and in its counterclaim sought
injunctive relief.  Westmount sought expedited discovery.

Following referral,[1] the magistrate judge ruled that plaintiff's claims bordered on the frivolous. Order of March 19, 1998, document 10. Subsequently, the parties filed in this court their "Stipulation of Dismissal and Stipulated Consent Order." Document 12.

Thereafter, counsel engaged in a series of acrimonious letters and faxes, the subject of which was when and where 1155 Elm Street would furnish Westmount with a fully executed and complete copy of the release underlying the settlement.[2] Unhappy with the progress of these exchanges, Westmount filed a motion to enforce settlement, including therein a request for attorney fees. Document 13. Westmount followed that pleading with a partial withdrawal of the motion, which left pending only the issue of attorney fees. Document 14.

1155 Elm Street filed its opposition to these pleadings and sought its own award of fees. Document 15. By leave of court, Westmount filed a reply thereto. Document 21. The requested release has since been furnished to Westmount by 1155 Elm Street.

---

[1]Referral to the magistrate judge was made pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

[2]It appears that 1155 Elm Street furnished separate fax copies of the signatures of its principals, but Westmount insisted, as was its right, on a fully executed copy. There is some indication that the delay was caused by the dissolution of 1155 Elm Street.

2

2. Discussion

Absent statutorily or judicially crafted exceptions thereto, it is the "American rule" that parties engaged in litigation generally bear the burden of their own attorney fees and costs. Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). For reasons unclear, the parties herein have been reluctant to share with the court the authority upon which they rely in respectively seeking an award of attorney fees.

As no scheduling or pretrial order is involved, the strictures of Rule 16(f), Fed. R. Civ. P., are inapplicable.[3] And as discovery is not an issue, Rule 37, Fed. R. Civ. P., does not come into play.[4] The remaining possibilities appear to be contained in the provisions of Rule 11, Fed. R. Civ. P.,[5] and 18 U.S.C. § 1927.[6]

---

[3]Rule 16(f), Fed. R. Civ. P., provides for the imposition of sanctions, including attorney fees, where a party fails to comply with a scheduling or pretrial order.

[4]Rule 37, Fed. R. Civ. P., governs the sanctions, including attorney fees, to be imposed upon failure to comply with the rules of discovery.

[5]Rule 11, Fed. R. Civ. P., describes the sanctions available, including attorney fees, where pleadings, motions, or other papers certified by signature of counsel or unrepresented party prove to be improper and/or unsupportable.

[6]28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any

3

Following unhappy experience with the mandatory sanction provisions of Rule 11, Lancellotti v. Fay, 909 F.2d 15, 19 (1st Cir. 1990), its provisions were amended December 1, 1993, to render them discretionary, carrying out the purpose of deterrence rather than compensation. Silva v. Witsch, 19 F.3d 725, 729 & n.5 (1st Cir. 1994). Indeed, absent "unusual circumstances," Rule 11 sanctions should "be paid into court as a penalty rather than to a party litigant." Id.

"Aimed at curbing abuses of the judicial system," Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397 (1990), Rule 11, however, does not appear applicable to the circumstances of this case. There is no claim made, nor would the record support, any violation of the certification requirements of that rule. See, e.g., Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991).

Nor does 28 U.S.C. § 1927 furnish support for an award of attorney fees in this case. Thereunder, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed. Cruz v. Savage, 896 F.2d

_____

Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

626, 632 (1st Cir. 1990). But the statute's requirement that the multiplication of the proceedings be "vexatious" mandates that, objectively viewed, there exist conduct more severe than mere negligence, inadvertence, or incompetence. Id. The circumstances of this case do not warrant such a finding.

## 3. Conclusion

From what has been hereinabove set forth, the court finds that, frustrating as the delay may have been concerning furnishing of a full copy of the release, it does not fall within the parameters of any statutory or judicial exception sufficient to warrant an award of attorney fees. Accordingly, the motion of Westmount is denied, as is the request of 1155 Elm Street for an award of such fees.

As this case has now been settled, the clerk is directed to expeditiously close same.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

June 24, 1998

cc: Richard M. Husband, Esq.
    Jamie N. Hage, Esq.
    Kevin M. Brill, Esq.

5