Mitrano v. Martin                    CV-01-153-M    01/22/02
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Peter Paul Mitrano,
      Plaintiff

      v.                                Civil No. 01-153-M

Willard G. Martin, Jr.,
      Defendant


                          **O R D E R**

      Although acting in a pro se capacity, plaintiff is a member

of both the New Hampshire and Virginia bars.  He is a party to

child custody litigation that has been carried on in at least

three different states, see, e.g., Mitrano v. Kelly, 785 A.2d 191

(Vt. Aug. 29, 2001) (unpublished table decision), cert. denied,

__ S.Ct. __, 70 USLW 3384 (Jan. 22, 2002), and is currently

pending in New Hampshire.  In this federal suit, plaintiff seeks

declaratory and injunctive relief, as well as damages, against a

sitting New Hampshire judge – the judge who presides over his

child custody case.  See 42 U.S.C. § 1983.  While it is not

entirely clear from his pleadings, it seems that plaintiff's

basic complaint is that the state judge found him to be in

contempt of court (erroneously according to plaintiff) for

removing his two minor sons from New Hampshire to Virginia while

the case was pending and without prior court permission.  See
Exhibit Q to defendant's memorandum, Mitrano v. Kelly, No. 2000-
M-0193 (N.H. Superior Ct., Family Div. at Lebanon).  Plaintiff
also challenges the New Hampshire court's jurisdiction to resolve
issues related to custody of his minor children, and vaguely
asserts that his various complaints all add up to an actionable
deprivation by the judge of his federal due process rights.

Plaintiff's federal claims are without merit, as he no doubt
suspects.  Accepting all well-pleaded facts as true, and
construing the complaint in the light most favorable to
plaintiff, his claims are that the New Hampshire Superior Court
has incorrectly determined its own jurisdiction over the custody
issues pending before it; that this court should declare the
state judge wrong in finding plaintiff in contempt of the state
court; that the state contempt finding violated his federal
constitutional rights; that this court should enjoin the state
court from violating federal law; and, that money damages should
be awarded against the state judge (though plaintiff makes clear
that he is suing the judge only in his "official capacity").

Extensive analysis and discussion are not warranted.
Plaintiff is a trained attorney and presumably knows, or

2

certainly should know, that his claims are nonstarters. Briefly, the New Hampshire Superior Court's exercise of jurisdiction over his child custody case, whether legally correct or incorrect, and its order finding him in contempt of that court, whether legally correct or incorrect, are matters which he can fully litigate in the state courts — appeals lie in the New Hampshire Supreme Court and, if cognizable federal issues warrant it, in the United States Supreme Court. Lower federal courts, however, do not sit in review of state court decisions, particularly when the state proceedings are ongoing, as is the case here. See, e.g., District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990). Once a state court issues a judgment, a federal district court lacks jurisdiction to review the decision, even if the state judgment is patently wrong or was entered following patently unconstitutional proceedings. See Young v. Murphy, 90 F.3d 1225, 1231 (7th Cir. 1996). (Plaintiff here apparently did seek a form of interlocutory appellate relief in the New Hampshire Supreme Court, but relief was denied.)

3

Plaintiff's complaint stresses that he sues the state judge only in his official capacity (Complaint, Para. 10), yet seeks money damages. As plaintiff surely knows, claims against state actors in their official capacities are, in effect, claims against the state itself. See Negron Gaztambide v. Hernandez Torres, 145 F.3d 410, 416 (1st Cir. 1998) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' . . . [A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.")(quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Consequently, plaintiff cannot bring a § 1983 claim for monetary damages against the state judge in his official capacity because the judge is shielded by Eleventh Amendment immunity.

Moreover, of course, the state judge is entitled to absolute judicial immunity, and immunity not just from liability for money damages, but immunity from suit as well. See Mireles v. Waco, 502 U.S. 9 (1991). All of the acts complained of by plaintiff were unarguably taken by the defendant judge in his judicial capacity (i.e., determining the court's jurisdiction, exercising jurisdiction, and finding plaintiff in contempt of court), and

4

none of the acts complained of was taken in the complete absence of all jurisdiction (the Family Court Division of the Superior Court obviously has subject matter jurisdiction over family law issues, such as child custody).  See Stump v. Sparkman, 435 U.S. 349 (1978).

And, of course, the Younger abstention doctrine plainly precludes granting the declaratory or injunctive relief plaintiff seeks in this case.  See Younger v. Harris, 401 U.S. 37 (1971); Chaulk Services Inc. v. Mass. Comm'n Against Discrimination, 70 F.3d 1361, 1368 (1st Cir. 1995).  Plaintiff is, again, fully able to litigate his jurisdictional theories, claims of innocence regarding the contempt finding, and federal constitutional issues in the ongoing state proceedings.

For the reasons given, and those advanced by the Attorney General in his memorandum in support of defendant's motion to dismiss, defendant's motion to dismiss (document no. 5) is granted and plaintiff's complaint is hereby dismissed for failure to state a cause of action upon which relief can be granted.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

5

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 22, 2001

cc:   Peter P. Mitrano, Esq.
      Andrew B. Livernois, Esq.
      Elizabeth Cazden,Esq.