Michael J. DUBISKY, Trustee for the V.S. Trust I, Plaintiff–Appellant,

v.

E. Keith OWENS, et al., Defendants–Appellees.

No. 87–1590.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1987.

Decided June 23, 1988.

Rehearing and Rehearing En Banc Denied July 21, 1988.

C.D. Kasson, Burditt Bowles & Radzuis, Ltd., Chicago, Ill., for plaintiff-appellant.

Roberta H. Klein, Patterson, Belknap Webb & Tyler, Los Angeles, Cal., for defendants-appellees.

Before POSNER and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

Michael J. Dubisky, Trustee for the V.S. Trust I, appeals from the district court's order sanctioning him in the amount of $36,117 under Federal Rule of Civil Procedure 11 for filing a complaint that incorrectly alleged diversity jurisdiction. On appeal, Dubisky concedes that Rule 11 sanctions were properly imposed, but argues that the defendants failed to mitigate their damages and that the district court abused its discretion by awarding the defendants the entire amount of attorney's fees incurred in defending the litigation. We reverse.

I.

On March 19, 1986 Dubisky filed suit in the United States District Court for the Northern District of Illinois to recover a substantial investment in Comark, a California limited partnership which became insolvent. Dubisky's suit named as defendants the various parties that participated in the formation and operation of Comark, including Oppenheim, Appel, Dixon and Co. (OAD), Comark's auditors.[1] The complaint alleged that OAD committed professional malpractice and performed its work on behalf of Comark in a negligent manner.

Dubisky's complaint asserted that the district court had subject matter jurisdiction over the dispute under 28 U.S.C. § 1332 because there was complete diversity of citizenship between the plaintiff and defendants. The complaint, as properly construed by the district court, alleged that Dubisky was an Illinois citizen for diversity purposes. Specifically, the complaint provided that:

> Plaintiff, Michael J. Dubisky, an individual, was at all times up to August, 1983 domiciled in and a citizen of the state of Illinois.... Subsequent to August, 1983, plaintiff has resided in Brookfield, Wisconsin, although he continues to own the residence in Downers Grove, Illinois and intends to reside there again.

The complaint also alleged that OAD was a California professional corporation with its principal place of business in California and that none of OAD's members were domiciled in or citizens of Illinois. This allegation was incorrect. It is now undisputed that OAD was a general partnership, not a corporation, and that several OAD partners were citizens and residents of Illinois.

On May 28, 1986, OAD filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) or, in the alternative, for improper venue under Rule 12(b)(3) (hereinafter the "motion to dismiss").[2] Because a general partnership is deemed to be a citizen of each state in which its partners are citizens, *Elston Investment, Ltd. v. David Altman Leasing Corp.*, 731 F.2d 436 (7th Cir.1984), OAD was a citizen of Illinois for diversity purposes, and complete diversity was therefore lacking. The district court correctly granted the motion to dismiss for lack of subject matter jurisdiction.

---

1. Two of OAD's partners, Stephen Rubenstein and Kenneth Schwartz, were also named individually as defendants. For simplicity, we refer to both partners and the partnership itself collectively as "OAD."

2. As the quoted portion of the complaint indicates, it was ambiguous as to whether the complaint alleged that Dubisky was a citizen of Illinois or Wisconsin for purposes of diversity jurisdiction. The district court correctly determined that it alleged the former. If Dubisky had properly alleged Wisconsin citizenship, diversity would have been complete. Even if diversity was complete, however, the district court

determined that venue in Illinois was not proper under 28 U.S.C. § 1391(a), because neither the plaintiff nor all of the defendants resided there, and the action arose in California, where all the operative facts of plaintiff's claims against OAD occurred. *Dubisky v. Owens,* No. 86 C 1920, mem. op. at 7 (N.D.Ill. Oct. 22, 1986)[available on WESTLAW, 1986 WL 12042].

As a third alternative, OAD asked that if the "interest of justice" required that the suit not be dismissed, the case should at least be transferred to the Central District of California pursuant to 28 U.S.C. § 1406(a).

In conjunction with its ruling on subject matter jurisdiction, the district court also granted OAD's motion for sanctions under Rule 11. The district court stated:

The obvious failure of plaintiff and his counsel to make "reasonable inquiry" as to fundamental jurisdictional facts before the filing of the complaint and counsel's attempt to obfuscate the issues, through the filing of numerous pages of irrelevant argument on personal jurisdiction which did not address the questions of *subject matter* jurisdiction and venue raised by the OAD defendants' motion, constitute the basis for the court's imposition of sanctions.

*Dubisky v. Owens,* No. 86 C 1920, mem. op. at 10–11 (N.D.Ill. Oct. 22, 1986) (emphasis in original) [available on WESTLAW, 1986 WL 12042]. The district court ordered OAD to file a "verified statement of the reasonable expenses incurred including attorneys' fees resulting from the Rule 11 violation of plaintiff and his counsel." *Id.* at 11. Counsel for OAD filed such a statement indicating that OAD's attorneys had spent 211 hours on the litigation and seeking a total sanction of $36,117.[3] The district approved the entire sum stating that "the amount sought by OAD (1) was reasonably incurred in defending the *Dubisky* litigation and (2) is an appropriate amount under ... Rule 11." *Dubisky v. Owens,* No. 86 C 1920, mem. op. at 4 (N.D.Ill. Feb. 26, 1987) (order approving OAD's petition for fees and costs) [available on WESTLAW, 1986 WL 7486].

## II.

### A.

Rule 11 states in part:

If a pleading ... is signed in violation of this rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable *expenses incurred because of*

*the filing of the pleading* ..., including a reasonable attorney's fee.

Fed.R.Civ.P. 11 (emphasis added). When Rule 11 is violated, the district court must impose sanctions against the offending party. *Brown v. Federation of State Medical Bds.,* 830 F.2d 1429, 1433 (7th Cir.1987). We reverse the amount or type of sanctions awarded only if we find that the district court abused its discretion. *Id.* at 1434.

The issue raised by this case is the amount of fees and costs that OAD is entitled to recover under Rule 11. Dubisky first argues that OAD violated its duty to mitigate its injury. Accordingly, in Dubisky's view, only a small portion of the jurisdictional expenses should be recoverable under Rule 11. Second, even if OAD's efforts specifically related to having Dubisky's suit dismissed for lack of subject matter jurisdiction were consistent with its duty to mitigate, Dubisky claims that a substantial portion of the $36,117 awarded in sanctions was related to work done by OAD's counsel in preparation for defending the underlying merits of the dispute. Dubisky reasons that the phrase "because of" indicates that Rule 11 contains a causation requirement. He then argues that a dismissal of his suit for lack of diversity only resulted in a change of forum because he has intervened as a plaintiff in a suit brought in California state court by other investors. As a result, OAD is forced to incur substantially the same expenses defending the California suit, and therefore only the expenses related to subject matter jurisdiction were caused by the improper filing in federal court.

The district court found OAD's conduct consistent with its duty to mitigate and explicitly rejected Dubisky's argument that the award should be limited to those fees directly related to the incorrect allegation of subject matter jurisdiction. The court first observed that Dubisky violated Rule 11 by filing his complaint, not by filing a

---

**3.** The district court also awarded $20,651.03 in sanctions in favor of another defendant, Robinson, Wayne & Greenburg (RWG). Dubisky also appealed from this award, but by joint motion RWG and Dubisky moved to have the appeal dismissed with respect to RWG. This motion was granted on August 25, 1987.

single, distinct motion. The court then reasoned that "[t]he improperly filed complaint is causally related ... to all defendants' legal costs." *Dubisky v. Owens*, No. 86 C 1920, mem. op. at 3 (N.D.Ill. February 26, 1987) (order approving OAD's petition for fees and costs). It therefore concluded that OAD was entitled to all of the attorneys' fees and costs which it incurred "in connection with the *Dubisky* litigation" and that the sum sought by OAD "was reasonably incurred." *Id.* at 3, 4. Because we hold that OAD violated its duty under Rule 11 to mitigate its damages we do not treat as a separate issue the question of whether fees and expenses beyond the issue of subject matter jurisdiction are recoverable.

### B.

■ Rule 11 authorizes the district court to award as a sanction "reasonable expenses" which may include "a reasonable attorney's fee." The reasonableness requirement by its nature hinges on the particular facts and circumstances presented in a given case and looks not only to the hours and billing rate involved in responding to the other party's sanctionable conduct, but also to the appropriateness of the response taken. A party defending against a frivolous paper has a duty under Rule 11 to mitigate its legal fees and expenses by resolving frivolous issues quickly and efficiently. *Brown*, 830 F.2d at 1439; Schwarzer, *Sanctions Under The New Federal Rule 11–A Closer Look*, 104 F.R.D. 181, 202 (1985) ("obligation to mitigate is implicit" in the rule). Counsel "must mitigate damages by correlating his response, in terms of hours and funds expended, to the merit of the claims." *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 404 (6th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987) (footnote omitted). Further, the court must consider to what extent a defending party's injury could have been avoided or was self-inflicted. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 879 (5th Cir.1988) (en banc). This entails an examination of the promptness and method of bringing the frivolous conduct to the attention of both the court and the opposing party. *See* Fed.R.Civ.P. 11 advisory notes ("[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so"). "If a baseless claim could have been readily disposed of by summary procedures, there is little justification for a claim for attorney's fees and expenses engendered in lengthy and elaborate proceedings in opposition." *Thomas*, 836 F.2d at 879 n. 19 (*quoting* Schwarzer, 104 F.R.D. at 200–201).

*United Food & Commercial Workers Union Local No. 115 v. Armour and Co.*, 106 F.R.D. 345 (N.D.Cal.1985) is instructive on this point. In *United Food* the plaintiff filed a first amended complaint which alleged that Armour, the defendant, had refused to arbitrate a grievance when in fact the plaintiff should have known that Armour had agreed to arbitrate the claim. Armour filed a formal motion for summary judgment and Rule 11 sanctions. The district court granted both, but awarded a substantially smaller sanction than Armour sought. The court stated:

> Under the particular circumstances of this case, what troubles the court greatly is the extensive amount of work Armour's counsel did in utilizing the formal ... machinery of litigation, when Armour's attorney might have brought about the same result by a less formal and less costly means.

*Id.* at 349. The court recognized that informal methods of resolution would not always be successful, but determined that Armour's failure to attempt informal resolution under the facts of the case violated its duty to mitigate. The court stated: "The very reason why Unions' counsel's actions in this case were so egregious, makes this the kind of case were [sic] Armour should have immediately brought the frivolity of the action to the court's attention" through a conference call or status conference. *Id.* at 350.

■ The present case is similar. Once OAD received Dubisky's complaint, it was forced to begin to defend the suit. OAD's counsel must have realized almost immediately that OAD, its client, was an Illinois

citizen for diversity purposes and that the complaint's allegation to the contrary was incorrect. Further, it was also readily apparent that Dubisky's complaint was ambiguous as to whether it alleged that he was a citizen of Illinois or Wisconsin for purposes of § 1332. Yet, defendants made no effort to contact plaintiff's counsel. OAD chose instead to respond to Dubisky's complaint by filing an extensive motion to dismiss for lack of subject matter jurisdiction or, in the alternative, improper venue. OAD's motion and supporting legal memorandum were prepared at a substantial expense. Because Dubisky's allegation of his citizenship was ambiguous, the defendants explored the jurisdictional and venue implications of each possible construction. This amount of effort is not consistent with OAD's duty to mitigate under Rule 11. If OAD had contacted Dubisky and pointed out the apparent lack of complete diversity, Dubisky could have clarified his own citizenship, thereby eliminating OAD's need to explore every possible construction of the facts. Dubisky may even have acknowledged his error, voluntarily withdrawn the complaint, and refiled in a proper forum. The problems related to diversity jurisdiction should and could have been resolved with minimal expense and effort on the part of both the parties and the courts.

OAD argues, however, that Dubisky's subsequent behavior demonstrates that such an informal approach would have been futile. Upon receiving OAD's motion to dismiss, Dubisky did not acknowledge his error. Rather, he asserted that complete diversity did in fact exist by claiming that the complaint properly alleged that he was a Wisconsin citizen for diversity purposes.[4] He also set forth an elaborate argument as to why the district court retained personal jurisdiction over the defendants, but did not directly address the venue issue raised by OAD. OAD incurred additional expenses responding to this memorandum. The district court succinctly summarized the situation when it stated that Dubisky "attempted to swing like a willow branch in the wind between the Illinois–Wisconsin border when making his arguments on jurisdiction and venue." *Dubisky v. Owens*, No. 86 C 1920, mem. op. at 10 (N.D.Ill. Oct. 22, 1986).

Although we acknowledge that Dubisky's conduct upon having his error pointed out was far from exemplary, it does not excuse OAD's failure to comply with its duty to mitigate. It is reasonable to believe that informal contact such as a phone call or letter in response to a frivolous paper will have a different effect on the party filing such a paper than a full blown motion and memorandum filed in court. The latter course of action may put an opponent on the defensive and render him or her less likely to admit an error. Dubisky might have acted differently if OAD's counsel had notified him informally of the error with respect to OAD's citizenship. If Dubisky had chosen to press his jurisdictional allegations despite OAD's informal efforts, OAD would then have been required to and justified in filing its motion and supporting memorandum. Once its reasonable effort to mitigate proved fruitless, OAD would have been entitled to sanctions for the effort expended on these arguments. But because OAD did not contact Dubisky, we decline to hold that informal contact would have been futile.

We subscribe to the Fifth Circuit's position in *Thomas* that litigants should be strongly encouraged to use the least expensive alternative to alert the court and the offending party of a possible Rule 11 violation, but emphasize that "what constitutes the appropriate alternative will vary depending on the nature of the case and the severity of the violation." *Thomas*, 836

---

**4.** As noted, the district court properly interpreted the complaint as alleging that Dubisky was an Illinois citizen for diversity purposes. *See infra* text accompanying note 1. Dubisky explained the allegation in his complaint in the following manner:

> The fact that Dubisky still owns a home in Downers Grove was highlighted to emphasize the fact that Dubisky has several substantial assets within this judicial district that are now in grave jeopardy as a result of [OAD's] acts. The Downers Grove property, however, does not alter the fact that Dubisky is currently a citizen of Wisconsin.

Plaintiff's Memorandum in Opposition to Motion for Dismissal By [OAD] at 5–6.

F.2d at 880 n. 20. In the case presently before us, the erroneous assertion of OAD's citizenship in Dubisky's complaint and the ambiguity as to Dubisky's own citizenship should have been readily apparent to OAD's counsel. OAD's counsel should have suspected immediately that complete diversity might be lacking and contacted Dubisky's counsel before embarking on a more costly and less effective course. We find that in failing to do this, OAD violated its duty to mitigate damages under Rule 11. We therefore hold that the district court erred in awarding OAD the entire $36,117 in fees and costs it incurred in defending the *Dubisky* litigation and remand this case to the district court for an award of sanctions consistent with this opinion. The decision of the district court is REVERSED.[5]

---

**5.** Accordingly, we also deny defendants' claim for sanctions under Fed.R.App.P. 38.