January 11, 1993
United States Court of Appeals
For the First Circuit

No. 92-1843

GERARDO MARIANI & GEORGINA LOUREIRO, ET AL,

Plaintiffs, Appellants,

v.

DOCTORS ASSOCIATES, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

Before

Stahl, Circuit Judge,

Campbell, Senior Circuit Judge,

Skinner,* Senior District Judge.

Harry E. Woods with whom Ricardo Skerrett Yordan and Woods &

Woods were on brief for appellants.

Edward Wood Dunham with whom Christopher L. Levesque and Wiggin &

Dana and Jay A. Garcia-Gregory with whom Ricardo F. Casellas and

Fiddler, Gonzalez & Rodriguez were on brief for appellees.

*Of the District of Massachusetts, sitting by designation.

STAHL, Circuit Judge. In this appeal, plaintiffs

challenge the district court's imposition of Rule 11

sanctions for their submission of a motion in a case

dismissed by the district court two years earlier. Finding

error solely in the district court's imposition of sanctions

upon the attorneys' law firm rather than upon the responsible

attorneys, we affirm, except that we impose the sanctions on

the attorneys themselves.

I.

BACKGROUND AND PRIOR PROCEEDINGS

Plaintiffs are twenty-five dissatisfied Puerto Rico

franchisees of the sandwich shop chain known as "Subway."

Defendants consist of Doctor's Associates, Inc., owner and

franchisor of the "Subway" chain, and several of its officers

and directors. On September 14, 1988, plaintiffs, through

the law firm of Woods & Woods, commenced suit against

defendants in United States District Court for the District

of Puerto Rico alleging breach of contract, fraud and other

claims arising out of their franchise agreements.

All of plaintiffs' individual franchise agreements

contain clauses requiring that any claim or controversy

arising out of the contract or an alleged breach thereof be

settled by arbitration in Bridgeport, Connecticut. On the

basis of that arbitration provision, defendants filed a

motion to dismiss. Responding, plaintiffs interposed

-2-
2

"Plaintiffs' Motion in Opposition of Defendants' Motion to

Dismiss" ("the first motion") dated February 7, 1989 with a

supporting memorandum of law signed by attorney Victor M.

Rodriguez Baez of Woods & Woods. On May 17, 1989, agreeing

with defendants' argument that the arbitration provision

controlled, the district court granted defendants' motion to

dismiss.

Twenty-two months later, on March 26, 1991, having

sought neither reconsideration nor an appeal, and with no

intervening change in the relevant law, plaintiffs submitted

a motion to the district court entitled "Plaintiffs' Second

Request for Change of Venue and First Request for

Consolidation of Arbitration Proceedings" ("the second

motion"). The memorandum of law in support of the second

motion consisted entirely of argumentation from the first

motion except for (1) occasional minor grammatical changes

(e.g., changing "the contract was" to "the contracts were"),

and (2) an appended argument requesting consolidation of

plaintiffs' claims for arbitration proceedings. The second

motion was signed by attorneys Harry E. Woods and Gerardo

Mariani of Woods & Woods.

In response, defendants filed a motion opposing

plaintiffs' second motion and seeking Rule 11 sanctions

against plaintiffs' attorneys. The district court denied

plaintiffs' second motion, and imposed Rule 11 sanctions

-3-
3

directing that Woods & Woods pay part of defendants' costs

for defending the second motion.1

Plaintiffs now appeal, arguing that (1) the

sanctions should not have been imposed, (2) the sanctioned

amount was excessive, and (3) sanctions may be imposed only

against individual attorneys, not against law firms.

Although we find merit in plaintiffs' final argument, we

affirm the district court in all other respects.

II.

DISCUSSION

Fed. R. Civ. P. 112 requires that an attorney make

1. Defendants submitted a verified time sheet detailing
128.5 hours of legal work with fees of over $14,000 for
defense of the sanctioned motion. Based on this submittal,
the district court imposed sanctions of $7,500.

2. Fed. R. Civ. P. 11 states in relevant part:

Every pleading, motion, and other paper of a party
represented by an attorney shall be signed by at
least one attorney of record in the attorney's
individual name . . . . The signature of an
attorney or party constitutes a certificate by the
signer that the signer has read the pleading,
motion or other paper; that to the best of the
signer's knowledge, information, and belief formed
after reasonable inquiry it is well grounded in
fact and is warranted by existing law or a good
faith argument for the extension, modification, or
reversal of existing law, and that it is not
interposed for any improper purpose, such as to
harass or to cause unnecessary delay or needless
increase in the cost of litigation. . . . If a
pleading, motion, or other paper is signed in
violation of this rule, the court, upon motion or
upon its own initiative, shall impose upon the
person who signed it, a represented party, or both,
an appropriate sanction, which may include an order

-4-
4

reasonable inquiry to assure that all pleadings, motions and

papers filed with the court are factually well-grounded,

legally tenable and not interposed for any improper purpose.

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

Counsel is held to standards of due diligence and objective

reasonableness. Maine Audubon Soc'y v. Purslow, 907 F.2d

265, 268 (1st Cir. 1990). See also Lancellotti v. Fay, 909

F.2d 15, 20 (1st Cir. 1990); Cruz v. Savage, 896 F.2d 626,

631 (1st Cir. 1990); Kale v. Combined Ins. Co. of America,

861 F.2d 746, 756-57 (1st Cir. 1988).

District courts have broad discretion in imposing

and fashioning Rule 11 sanctions. Cooter & Gell, 496 U.S. at

400 ("[I]n directing the district court to impose an

`appropriate' sanction, Rule 11 itself indicates that the

district court is empowered to exercise its discretion.");

Lancellotti, 909 F.2d at 20 ("[W]e believe the district court

should determine, in the first instance, whether reasonable

inquiry was made, and if not, the consequences which should

ensue."); Anderson v. Beatrice Foods Co., 900 F.2d 388, 394

(1st Cir.) ("[D]ecisions as to whether sanctions should be

imposed, and if so, what form they should take, often require

intensive inquiry into the circumstances surrounding an

to pay to the other party or parties the amount of
the reasonable expenses incurred because of the
filing of the pleading, motion, or other paper,
including a reasonable attorney's fee.

-5-
5

alleged violation. The trial judge, steeped in the facts and

sensitive to the interplay amongst the protagonists, is

ideally equipped to review those ramifications and render an

informed judgment."), cert. denied, 111 S. Ct. 233 (1990).

We therefore review all aspects of the district court's Rule

11 determination under an abuse of discretion standard.

Cooter & Gell, 496 U.S. at 400-01; Navarro-Ayala v. Nunez,

968 F.2d 1421, 1425 (1st Cir. 1992). See also Maine Audubon,

907 F.2d at 268 (explaining that a party appealing Rule 11

sanctions "bears a heavy burden of demonstrating that the

trial judge was clearly not justified in entering [the]

order") (quoting Anderson, 900 F.2d at 393).

A. The Propriety of the Sanctions

Plaintiffs argue that the district court used

improper criteria in deciding to impose sanctions, that their

motion did not warrant Rule 11 sanctions, and that the

sanctions order should be overturned as an abuse of

discretion. We disagree.

The district court found that plaintiffs' counsel

failed to make an objectively reasonable inquiry to assure

that the second motion was legally tenable. Several factors

support this finding: the district court had already

dismissed the case in favor of arbitration nearly two years

prior to the second motion; the second motion failed to

suggest any basis for the court's jurisdiction to rule on the

-6-
6

motion in view of the dismissal; the second motion consisted

of virtually verbatim argumentation from the first motion;

and plaintiffs had failed to appeal or move for timely

reconsideration of the order dismissing the first motion.3

We find, therefore, that the record amply supports

the district court's imposition of Rule 11 sanctions based on

the plaintiffs' filing of its second motion, and we find

plaintiffs' "abuse of discretion" claim without merit.4

3. Plaintiffs also argue that the district court's
scrupulous attention to the second motion and its careful
consideration of the sanction is evidence of the second
motion's merit. Our review of the record shows that the
district court did no more or less than properly detail all
the reasons why the second motion was sanctioned. Moreover,
we are very reluctant to fashion a rule which would
discourage district courts from thoroughly discussing their
reasons for imposing sanctions, and we reject plaintiffs'
suggestion that we adopt such an approach.

4. Plaintiffs offer two additional arguments to support
their appeal of the sanctions. First, they argue that the
district court improperly sanctioned them for conduct
occurring throughout the proceeding, rather than imposing its
Rule 11 sanctions with regard to one particular pleading,
motion or paper. The district court order imposing the
sanctions belies this argument: "What concerns us in the
long history of this case, which has been filled with
numerous delaying tactics by the plaintiffs, is this latest

attempt to delay arbitration." Mariani v. Doctor's

Associates, Inc., No. 88-1630, slip op. at 2 (D.P.R. Feb. 2,

1992) (emphasis supplied). Thus, we find unpersuasive
plaintiffs' assertion that the district court improperly
sanctioned conduct occurring throughout the proceeding.
Second, plaintiffs argue that in deciding to impose the
sanctions, the district court improperly ignored pressures on
the law firm of Woods & Woods which contributed to the filing
of the second motion. Specifically, they argue that attorney
Mariani was in the process of being considered for an
appointment as a federal administrative law judge, and that
attorney Woods had been diagnosed as having a cancerous
lesion. Though they had ample opportunity to do so,

-7-
7

B. The Amount of the Sanctions

Plaintiffs' next argument is that the sanctions

were excessive. Rule 11 specifically states that appropriate

sanctions "may include an order to pay the other party or

parties the amount of the reasonable expenses incurred

because of the filing of the pleading, motion or other paper,

including a reasonable attorney's fee." Moreover, the

district court has wide discretion in fashioning sanctions.

See, e.g., Cooter & Gell, 496 U.S. at 400; Lancellotti, 909

F.2d at 20; Anderson, 900 F.2d at 394; Unanue-Casal 898 F.2d

at 843; Kale, 861 F.2d at 756-58.

In its order imposing the sanctions, the district

court noted that the total of 128.5 hours that defendants

spent responding to plaintiffs' second motion seemed "a great

deal of work to oppose one motion." It also noted that

because the case had "lain dormant for two years, it is

understandable that costs were high." As a result, the

district court awarded defendants roughly half of the fees

incurred in defending the motion. Reviewing the record

carefully, we find that the sanction of $7,500 was not only

plaintiffs never argued to the district court that these
factors contributed to the filing of the sanctioned papers.
We have repeatedly warned that we will not entertain
arguments made for the first time on appeal. Federal Deposit

Ins. Co. v. World University, Inc., No. 92-1389, slip op. at

5 (1st Cir. Oct. 22, 1992). We do not therefore address
plaintiffs' arguments about the health and professional
status of attorneys Mariani and Woods.

-8-
8

within the district court's discretion but was also

reasonable.5

C. Imposition of the Sanctions on the Individual Attorneys

Lastly, plaintiffs argue, and defendants do not

dispute, that the district court improperly imposed Rule 11

sanctions upon the law firm of Woods & Woods. Rule 11

sanctions may be imposed only upon individual attorneys who

have signed sanctioned papers. Pavelic & Leflore v. Marvel

Entertainment Group, 110 S. Ct. 456, 458-59 (1989). They may

not be imposed upon a law firm. Id.

Elsewhere, we have avoided remanding Rule 11 cases

by discerning the responsible parties and ordering that they

pay the sanctions. Ballard's Serv. Ctr., Inc. v. Transue,

865 F.2d 447, 450 (1st Cir. 1989) (requiring that attorney,

5. Relying on Dubisky v. Owens, 849 F.2d 1034 (7th Cir.

1988), plaintiffs also argue that because their own motion
was so facially meritless, defendants should have been on
notice to mitigate expenditures. According to plaintiffs, a
phone call or some informal contact from defendants would
have been the appropriate response to their second motion.
Dubisky, however, is inapposite. The plaintiffs in Dubisky

were mistaken as to defendant's citizenship, and wrongly
believed that they could invoke diversity jurisdiction.
Plaintiffs were sanctioned under Rule 11. On appeal, the
Seventh Circuit held that the defendant, before embarking on
a costly defense, had a duty to mitigate damages by
contacting the plaintiff to inform him of the jurisdictional
defect. Id. at 1038-39. As a result, it reversed the

sanction awarded by the district court. Id. In the case

before us, however, there was no mistake of fact on the part
of plaintiffs that could be readily corrected by defendants.
Thus, we find no need to reverse the sanction on the grounds
that defendants had a duty to mitigate expenditures.

-9-
9

rather than party, pay Rule 11 sanctions); Muthig v. Brant

Point Nantucket, Inc., 838 F.2d 600, 607 (1st Cir. 1988)

("[T]he district court did not specify whether [sanctioned

party] or their counsel should pay the counsel fees assessed.

Our reading of the record indicates that the sanction should

be imposed upon counsel."). Cf. Navarro-Ayala, 968 F.2d at

1428 (explaining that "this may properly be classified as one

of the rare cases in which an appellate court ought to take

the bull by the horns and, rather than remanding, simply

select an appropriate [Rule 11] sanction"). We therefore

modify the district court's order and impose the $7,500

sanctions jointly and severally upon attorneys Woods and

Mariani.

III.

CONCLUSION

For the foregoing reasons, the district court's order is

affirmed as modified.

Affirmed as modified. Costs to appellees.

-10-
10