22-1622
*United States of America v. Antonio Small*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-four.

Present:

> JOHN M. WALKER,
> SUSAN L. CARNEY,
> EUNICE C. LEE,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee,*

    v.                                    No. 22-1622

ANTONIO SMALL, AKA TONE, AKA BERT,

      *Defendant-Appellant.**

---

For Appellee:                                KAREN L. PECK,
                                              Sandra S. Glover (*of counsel*), Assistant United States Attorneys, *for* Vanessa

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:

DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT.

Appeal from a July 20, 2022 judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Antonio Small appeals from a judgment of conviction entered following his guilty plea and sentencing him principally to 300 months' imprisonment for one count of conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Small raises two challenges to his sentencing. First, he challenges the district court's application of a two-level enhancement to his offense level pursuant to the United States Sentencing Guidelines § 2D1.1(b)(1) for possession of a dangerous weapon during his offense of drug trafficking. Second, Small argues that the government made several comments at sentencing that were improper and irrelevant, and that the district court's consideration of them during sentencing violated his right to procedural due process.

"We review a district court's application of the Guidelines de novo, while factual determinations underlying a district court's Guidelines calculation are reviewed for clear error." *United States v. Watkins,* 667 F.3d 254, 261 (2d Cir. 2012). When finding facts relevant to sentencing for Guidelines calculation purposes, "the district court [is] required to use the

preponderance of the evidence standard." *United States v. Salazar,* 489 F.3d 555, 558 (2d Cir. 2007) (per curiam).

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I.     Sentencing Enhancement for Weapon Possession

Small contends that the district court erred in applying a two-level enhancement for the possession of a firearm during the offense of drug trafficking. *See* U.S. Sent'g Guidelines Manual § 2D1.1(b)(1) (U.S. Sent'g Comm'n 2018) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."). This enhancement resulted in his Guidelines range increasing from 324-405 months' imprisonment to a range of 360 months'-life imprisonment. Small argues that the enhancement was procedurally unreasonable because the record does not support the district court's factual finding that Small possessed a weapon in connection with the drug conspiracy. Specifically, Small argues on appeal, as he did below, that the district court's factual finding that he possessed a firearm was clearly erroneous given that he was never seen with a firearm and no firearm was found on his person or in the alleged stash house throughout law enforcement's two-year investigation. He also asserts that the intercepted phone calls the district court relied on for its finding did not establish his possession and that the district court's inference of his constructive possession of a gun was "purely speculative." Appellant's Reply Br. at 3.

We disagree that the court's factual finding that Small possessed a firearm constituted clear error. Sufficient evidence supports the district court's conclusion that a firearm was possessed by

3

Small in support of his drug dealing.[1]  First, the lack of evidence regarding Small's physical possession of a firearm does not defeat the application of an enhancement because constructive possession may suffice.  *See, e.g.*, *United States v. Hertular,* 562 F.3d 433, 447–48 (2d Cir. 2009) (upholding enhancement based on district court's finding that defendant constructively possessed hand grenades he offered to supply to another while under DEA surveillance).  Second, the district court did not err in relying on the recordings of a series of intercepted phone calls to conclude that the government had established the possession of a firearm by a preponderance of the evidence.

During these calls, Small was preparing to confront an adversary and repeatedly asked his associate, who was at the house where Small's drug business operated, where "it" was.  Soon after meeting with the associate, Small and his brother set off to pursue the adversary, who was named Taylor.  The two called off Small's plan to "whip[] up on [Taylor] hot" only after they learned that Taylor was with a suspected police informant, saying in another intercepted call that "[o]nce [the informant was] in the car . . . [they would be] going to jail."  App'x at 103.  The district court—not impermissibly—inferred that the "it" Small was in a rush to obtain from his associate was a firearm that was constructively possessed by Small in connection with the drug conspiracy. This finding of fact was not clearly erroneous; therefore, the district court did not err in applying the enhancement.

---

[1] Given Small's objections to every enhancement applied to his base offense level, the district court conducted a *Fatico* hearing on March 1, 2022.

## II. Government's Comments During Sentencing

Small also challenges the district court's consideration of several comments made by the government at sentencing related to: (1) harms to the community as a result of Small's drug trafficking operation and (2) the familial alienation of his co-conspirator and family member, Louie McDowell. Because Small did not object to the comments, we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir. 2007).

Regarding comments about harms to the community, Small faults the government for describing at sentencing how one of Small's associates led police on a high-speed chase, which resulted in the killing of a bystander and serious injury to two others. Small also objects to the government's reference to a double homicide that occurred down the street from the house that hosted Small's drug operation. On appeal, he claims these comments were improper and irrelevant, and that they violated his right to due process, as these incidents were not his actions and were not actions that were reasonably foreseeable to him. The government argues that consideration of these examples was proper because they revealed "specific harms associated with Small and his co-conspirators . . . about which the district court heard evidence in Small's presence." Government's Br. at 44.

We agree with the government that the district court could properly consider the challenged comments, as the district court has broad discretion at sentencing regarding "the kind of evidence [it] may consider, or the source from which it may come." *United States v. Ryan*, 806 F.3d 691, 693 (2d Cir. 2015). Here, the incidents mentioned by the government illustrated the dangers associated with the kind of drug trafficking with which Small was involved, and he had an opportunity to address the government's arguments. *See United States v. Concepcion,* 983 F.2d

5

369, 387–88 (2d Cir. 1992) (recognizing a sentencing court's authority to "take into account any information known to it so long as the defendant had an opportunity to respond in order that the court not rely on misinformation") (citations omitted)). For example, the driver in the high-speed chase that resulted in death and injury was an associate who manned Small's drug phone and serviced his customers. And one of the people killed in the double homicide that occurred near the home where he operated his drug business was Small's associate. The district court explained that its sentence was grounded in the seriousness of Small's offense conduct, the need to deter him, and the harm to the community. The court's consideration of the government's comments fits under the factors that the court was required to consider. *See* 18 U.S.C. § 3553(a)(1), (2)(A) (nature and gravity of offense), *id.* § 3553(a)(2)(B) (deterrence), *id.* § 3553(2)(C) (public protection).

Small additionally challenges the government's comments about his co-conspirator and family member, Louie McDowell. After defense counsel explained that he arrived at a recommended sentence for Small by doubling McDowell's sentence, the government responded that Small and McDowell were not similarly situated because McDowell had chosen to cooperate with the government. The government added that McDowell paid a "very, very high price" for his cooperation, including his "family treat[ing] him as if he's a pariah." App'x at 184. Small asserts that this remark "la[id] [the] blame for this at [] Small's feet," Appellant's Br. at 20, but there is no indication in the record that the district court understood the comment to imply that Small himself took part in or encouraged McDowell's familial estrangement. Instead, the district court referred to McDowell when sentencing Small only in the context of comparing Small's

6

conduct, history, and characteristics with those of several of his co-conspirators in order to avoid unwarranted sentencing disparities. Such a comparison is an appropriate and necessary factor to consider in imposing a sentence. *See* 18 U.S.C. § 3553(a)(6) (sentencing disparities among similar defendants).

To the extent that the court may have relied on any of the government's aforementioned comments in determining Small's sentence, it did so permissibly under its duty to consider the statutory factors listed in 18 U.S.C. § 3553(a); *see United States v. Davis*, 82 F.4th 190, 202 (2d Cir. 2023) (finding no plain error in district court's reliance on rising rates of local gun violence when considering general deterrence factor). Furthermore, even if consideration of any of the comments had been improper, given the court's detailed explanation for its imposition of the sentence, as well as its imposition of a sentence below the bottom of the advisory range, Small has not established that any purported error likely affected the outcome of the sentencing proceeding. *See United States v. Reyes*, 691 F.3d 453, 457 (2d Cir. 2012) (to prevail on plain error review, in addition to showing that the district court committed an obvious error, defendant must also demonstrate that the error impacted his substantial rights by affecting the outcome of the district court proceedings).

For the reasons set forth above, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7